UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marsha Lentini,<br><br>　　　Plaintiff,<br>vs.<br><br>Life Insurance Company of North America,<br><br>　　　Defendant. | Case No. 0:21-cv-2720<br><br>**COMPLAINT** |

Plaintiff Marsha Lentini ("Plaintiff"), for her Complaint against Defendant Life Insurance Company of North America, states and alleges as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq*.

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Life Insurance Company of North America may be found in this district. In particular, Life Insurance Company of North America is registered

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

as a corporation with the State of Minnesota, conducts ongoing business with Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant Life Insurance Company of North America insures the employee benefit plan ("Plan") that Lowe's Companies, Inc. created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant Life Insurance Company of North America is a corporation organized and existing under the laws of the State of Pennsylvania and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Lowe's Companies, Inc., and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number VDT-980095/980096, which was issued by Life Insurance Company of North America to Lowe's Companies, Inc. to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, Life Insurance Company of North America both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Life Insurance Company of North America has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. Life Insurance Company of North America's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Plaintiff became disabled under the terms of the Plan's policy on or about April 4, 2019 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13. Plaintiff submitted a timely claim to Life Insurance Company of North America for disability benefits.

14. After initially approving benefits, Life Insurance Company of North America terminated Plaintiff's claim for disability benefits on or about

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008).

August 11, 2021. Plaintiff appealed Life Insurance Company of North America's decision, but Life Insurance Company of North America denied Plaintiff's appeal on November 15, 2021.

15. Life Insurance Company of North America's November 15, 2021 letter also advised that Plaintiff had exhausted all administrative levels of appeal and that no further appeals would be considered.

16. Plaintiff provided Life Insurance Company of North America with substantial medical evidence demonstrating she was eligible for disability benefits.

17. Life Insurance Company of North America's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

   a. Life Insurance Company of North America failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

   b. Life Insurance Company of North America relied on the opinion of a medical professional who was financially biased by his

relationship with Life Insurance Company of North America and as such was unable to offer an unbiased opinion;

c. Life Insurance Company of North America relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

d. Life Insurance Company of North America relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

e. Life Insurance Company of North America ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim; and

f. Life Insurance Company of North America ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

18. Plaintiff's claims are subject to *de novo* review by this Court.

19. The decision to deny benefits was wrong under the terms of the Plan and by governing law.

20. Life Insurance Company of North America's failure to provide benefits due under the Plan constitutes a breach of the Plan.

5

21. Life Insurance Company of North America's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from October 10, 2021 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

22. Life Insurance Company of North America's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

23. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Life Insurance Company of North America to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Pre-judgment and post-judgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated: December 22, 2021          RESPECTFULLY SUBMITTED,

By: /s/Nathaniel R. Greene

Nathaniel R. Greene (MN Bar # 0390251)
Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Nate@Fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiff*